FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

2012 JUL 27 P 4: 45

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| MARVEL-SCHEBLER AIRCRAFT CARBURETORS LLC, a North Carolina Limited Liability Company, | MISC CASE NO.: 1: 12 mc 30 (AJT / IDD) |
| Plaintiff/Counter-Defendant | Case Pending: U.S.D.C. Middle District of North Carolina, Greensboro Division |
| v. | Case No.: 1:10-cv-00745-TDS-LPA |
| AVCO CORPORATION, a Delaware Corporation, | Case No.: 1:10-cv-00201-TDS-LPA |
| Defendant/Counter-Plaintiff | |

**BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA**
**OF NON-PARTY GREENBERG TRAURIG, LLP**

Non-Party Greenberg Traurig, LLP ("Greenberg Traurig"), hereby moves, pursuant to

Rules 26 and 45 of the Federal Rules of Civil Procedure, and Local Rule 7, to quash the

subpoena of plaintiff Marvel-Schebler Aircraft Carburetors LLC's ("Plaintiff" or "MSA") in two

underlying North Carolina trademark lawsuits -- Case Nos. 1:10-cv-745-TDS-LPA and 1:10-cv-

201-TDS-LPA, pending in the United States District Court for the Middle District of North

Carolina, (the "North Carolina actions").

The subpoena commands Greenberg Traurig, which is serving as counsel for defendants

AVCO Corporation and AVStar Fuel Systems, Inc. ("AVCO" and "AVStar" respectively, or

"Defendants," collectively) in the North Carolina actions, to produce documents and a witness

for deposition about trademarks that are not even at issue in that case.  The thin veneer of

1

relevance covering MSA's subpoena cannot hide its ulterior motive—to manufacture a basis for an improper motion to disqualify Greenberg Traurig as opposing counsel.

Greenberg Traurig timely moves to quash the Subpoena in this Court. Regardless of the ultimate outcome of this motion, Greenberg Traurig reserves the right to timely object to the Subpoena on other grounds.

## FACTS

MSA sued Defendants AVCO and AVStar in the North Carolina actions for claims in connection with MSA's alleged trademarks MA-4-5, MA-3PA, MA-3SPA, MA-4SPA and HA-6 for aircraft engine carburetors. On July 20, 2012, MSA sent to Greenberg Traurig a subpoena issued from this Court ("Subpoena") (Exhibit 1). The Subpoena was MSA's third subpoena issued to Greenberg Traurig. MSA made two prior attempts to subpoena Greenberg Traurig through a first subpoena dated July 13, 2012 issuing from the District Court for the District of Columbia (Exhibit 2) and a second subpoena dated July 12, 2012 issuing from this Court (Exhibit 3). Both subpoenas were defective for a variety of procedural and substantive reasons. In a telephonic conference on July 20, 2012, MSA's counsel withdrew both subpoenas and indicated that a third subpoena, the Subpoena currently before this Court and at issue in this motion to quash, was served on Greenberg Traurig prior to the telephone conference.

The Subpoena requires opposing counsel Greenberg Traurig to produce documents by August 9, 2012 and designate a Rule 30(b)(6) representative for deposition on August 13, 2012. The Subpoena seeks testimony and documents concerning, in large part, various trademark applications made and registrations issued for products sold by AVCO but which are not the trademarks at issue in the North Carolina actions. The underlying North Carolina actions between plaintiff MSA and defendants AVCO and AVStar (Greenberg Traurig's clients) relate to whether certain alleged trademarks *of MSA* are protectable under federal law and have been

infringed by the Defendants.   The Subpoena seeks documents and testimony concerning trademarks belonging to *AVCO* that are not even at issue in the North Carolina actions.   Further, the documents requested and deposition topics in the Subpoena are identical to Rule 34 document requests (Exhibit 4) and a Rule 30(b)(6) deposition notice (Exhibit 5) that plaintiff served on AVCO itself on July 13, 2012, in Case No. 1:10-cv-745.   As such, assuming that the information is otherwise discoverable, the Subpoena to Greenberg Traurig would not yield any relevant, non-privileged documents that would not be available through other means.   Indeed, besides obtaining documents through Defendant AVCO, much of the information requested in the Subpoena (namely, files for certain federal trademark registrations) is publicly available from the USPTO, most of it on-line.[1]

## ARGUMENT

First, there is a strong presumption against conducting discovery against opposing counsel in litigation.   Because the deposition of opposing counsel in a litigation is presumptively improper, federal courts have imposed a significant burden upon the party seeking such discovery to prove that the information sought is relevant, non-privileged, critical to the preparation of the case, and that there is no other way to obtain the information.   *See N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, *85-86 (M.D.N.C. 1987) (granting protective order against the deposition of plaintiff's patent attorney because defendant did not show that there were no other means to obtain the information sought, that the information sought would not invade attorney-client privilege or attorney's work product, and that the

---

[1] According to the Trademark Manual of Examining Procedure ("TMEP") used by the trademark examining attorneys at the USPTO, "The action of the USPTO is based exclusively on the written record and all relevant communications, including informal communications, must be made part of the record. 37 C.F.R. § 2.191." *See* TMEP §709.04. The TMEP further states "Relevant e-mail and phone communications must be made part of the record, because the USPTO uses them in decision making, and anything used in decision making must be made of record. 37 C.F.R. § 2.191." *See* TMEP §709.05.

information was relevant and the need of the information outweighed the disadvantages inherent in deposing a party's attorney); *see also Guantanamera Cigar Co. v. Corporación Habanos*, 263 F.R.D.1, *8-9 (D.D.C. 2009) (granting motion to quash subpoena served on opposing counsel in pending trademark litigation) and *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). Here, the presumption against allowing MSA to take discovery of Greenberg Traurig cannot be overcome. MSA offers no good explanation for why *AVCO's* trademarks, none of which are asserted in this case, are relevant to MSA's claims about its own trademarks. To the extent the information plaintiff seeks from Greenberg Traurig is even marginally relevant to the disputed issues in the underlying case, any relevant information is either publicly available from the U.S. Patent & Trademark Office ("USPTO") or is available through discovery (and has been sought) from other sources, including the Defendants. What cannot be obtained from those other sources and might uniquely be in Greenberg Traurig's possession is protected by attorney-client privilege and the work product doctrine and should, therefore, be shielded from discovery.[2]

Second, courts recognize that efforts to take discovery from opposing counsel are typically intended either to harass the opposing party and increase the burden of litigation or to improperly invade attorney-client privilege, rather than advance the truth-seeking purpose of discovery. *N.F.A.* at *86 ("experience teaches that countenancing unbridled depositions of attorneys constitutes an invitation to delay, disruption of the case, harassment, and perhaps disqualification of the attorney"). Because Plaintiff admits that its actual motivation behind the

---

[2] When asked during the Local Rule 37.1 conference what he expected to obtain from Defendants' counsel that would not be available in the public files of the USPTO and would not be privileged, Plaintiff's counsel could only identify "communications by phone with the …examining attorney." However, under the USPTO's published procedures, all relevant e-mail and phone communications "must be made part of the record" and examining attorneys "must enter a Note to the File regarding issues discussed by telephone." *See* Footnote 1. Thus, the information which Plaintiff seeks from Greenberg Traurig is publicly available to anyone, including Plaintiff.

subpoenas was to disqualify Greenberg Traurig, as set forth in the certification below, it cannot meet its burden to show a legitimate purpose.

Plaintiff's barrage of multiple subpoenas directed at opposing counsel for the same materials sought at the same time from the parties in the underlying litigation is inherently vexatious and inconsistent with the legitimate purposes for discovery. MSA has failed to demonstrate that the information sought through the Subpoena would be critical to the preparation of its case. Accordingly, MSA has failed to meet its heavy burden in proving that the deposition of and document production by opposing counsel in the North Carolina actions is warranted.

On July 27, 2012, the defendants in the underlying actions moved for a protective order to prevent MSA from further efforts to harass its counsel through the discovery process. That motion is docket # 74 in Case No. 1:10-cv-745.

## CONCLUSION

The subpoena to opposing counsel should be quashed. Greenberg Traurig respectfully requests that the Court quash the Subpoena because Greenberg Traurig is opposing counsel, not a party, in the two underlying litigations, and such discovery directed at opposing counsel would not lead to the production of any relevant, non-privileged documents that would not be available through other means and would lead to undue burden on Greenberg Traurig and its clients.

## LCvR 7(E) Statement

Before filing this motion, counsel for Greenberg Traurig conferred in writing and via telephonic conference with Richard Matthews, counsel for Plaintiff, to narrow the areas of disagreement if possible.

By letter dated July 19, 2012, Greenberg Traurig sent Mr. Matthews, a letter identifying deficiencies, both procedural and substantive, in the first two subpoenas issued to Greenberg

Traurig and requested that MSA voluntarily withdraw the deficient subpoenas in order to avoid the burden and expense in filing a motion to quash. (Exhibit 6).

Greenberg Traurig and MSA's counsel met by telephonic conference on July 20, 2012 to discuss the issues presented in the July 19th letter. During the call, Mr. Matthews indicated that MSA would be withdrawing the two defective subpoenas but that a new subpoena, the Subpoena currently before this Court and at issue in this motion, was served on Greenberg Traurig prior to the call. When confronted with the well-established rules in the case law that depositions of opposing counsel were improper unless there was no other source for the information, Mr. Matthews' indicated he could solve that problem by moving to disqualify Greenberg Traurig. (Exhibit 7, July 20, 2012 Teleconference Tr., page 10) ("Well, we may, you know, need to move to disqualify you as counsel if that's going to be the sole issue...").

Greenberg Traurig sought to resolve the issues with the Subpoena with MSA's counsel. However, no agreement was reached.

Dated: July 27, 2012

Respectfully submitted,

By: _____
David S. Panzer, VSB # 43085
*Attorney for Non-Party Greenberg Traurig LLP*
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 533-2324
Facsimile: (202) 261-0123
*panzerd@gtlaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2012, a true and correct copy of Greenberg

Traurig's Motion to Quash Subpoena of Non-Party Greenberg Traurig, LLP, memorandum in

support and accompanying exhibits 1-7 was served via electronic mail and via U.S. Mail, first

class, postage pre-paid, on the following counsel of record:

Richard T. Matthews, Esq.
Myers Bigel Sibley & Sajovec, PA
4140 Parklake Avenue, Suite 600
Raleigh, North Carolina 27612
Tel: (919) 854-1400
Fax: (919) 854-1401
e-mail: rmatthews@myersbigel.com

James D. Grimes, Esq.
Hedrick Gardner Kincheloe
& Garofalo LLP
6000 Fairview Road, Suite 1000
Charlotte, NC 28230
Tel.(704) 319-5436
Fax (704) 602-8070
e-mail: dgrimes@hedrickgardner.com

*Counsel for Plaintiff*

Eric C. Rowe (N.C. Bar No. 10713)
Steven J. Wadyka, Jr. (DC Bar #417504)
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C.  20037
Tel: (202) 331-3100
Fax:  (202) 331-3101
e-mail:  rowee@gtaw.com
e-mail:  wadykas@gtlaw.com

Gary L. Beaver, Esq.
Nexsen Pruet, LLC
701 Green Valley Road, Suite 100
Greensboro, NC 27408
Tel: (336) 387-5142
Fax: (336) 387-8902
e-mail: GBeaver@nexsenpruet.com
*Counsel for Defendants.*

David S. Panzer, VSB # 43085
*Attorney for Non-Party Greenberg Traurig LLP*
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 533-2324
Facsimile: (202) 261-0123
*panzerd@gtlaw.com*