IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARVEL-SCHEBLER AIRCRAFT CARBURETORS LLC, a North Carolina Limited Liability Company, | MISC Case No.: 1:12-mc-00030-AJT-IDD |
| Plaintiff/Counterdefendant, v. | Case Pending: U.S.D.C. Middle District of North Carolina, Greensboro Division |
| AVCO CORPORATION, a Delaware Corporation, | Case No.: 1:10-cv-00745-TDS-LPA |
| Defendant/Counterplaintiff. | Case No. 1:10-cv-201-TDS-LPA |

**PLAINTIFF MARVEL-SCHEBLER'S BRIEF IN SUPPORT OF ITS MOTION TO STAY THE HEARING ON GREENBERG TRAURIG'S MOTION TO QUASH AS PREMATURE**

Plaintiff Marvel-Schebler Aircraft Carburetors, LLC ("MSA") submits the present Brief in Support of its Motion to Stay the Hearing on Greenberg Traurig's ("GT") Motion to Quash as Premature. The hearing at issue is currently scheduled for August 3, 2012.

**BACKGROUND FACTS**

MSA brought suit against AVCO on September 29, 2010 (1:10-cv-00745-TDS-LPA) alleging, among other things, unfair competition under 15 U.S.C. § 1125(a) for AVCO's use of MSA's trademarks, and violations of N.C. Gen. Stat. § 75-1.1 for AVCO's unfair or deceptive trade practices. Discovery was set to close on August 13, 2012. AVCO has, to date, refused to provide the vast majority of discovery requested by MSA, thereby forcing MSA to file three (3) motions to compel against AVCO, each of which are pending before the United States District Court for the Middle District of North Carolina ("NC Court") in the above-captioned North Carolina cases.

Given the many discovery disputes and inability of MSA to obtain meaningful discovery, MSA served a subpoena[1] upon GT in an effort to preserve its right to obtain relevant information before the close of discovery. AVCO thereafter filed a Consent Motion to Modify Scheduling Order and counsel for the parties called the NC Court in attempt to expedite a ruling on the motion. During that call, the parties agreed to stay all discovery until all outstanding motions addressing the scope of discovery were ruled on by the Court.

The stay was specifically requested to include all third-party discovery as requested by GT counsel. *See* Exhibit A.

## **ARGUMENT**

Given that the parties have agreed to a stay of all discovery, including third party discovery, and considering AVCO's pending Consent Motion to Modify Scheduling Order in the NC Case, any hearing on GT's Motion to Quash is premature.

In particular, in moving to quash MSA's subpoena, GT's primary argument is that MSA can obtain the requested discovery from other sources without the need to obtain the discovery from AVCO's counsel. MSA agrees that this <u>may</u> be the case, but it is unclear whether GT witnesses would be in possession of additional relevant discovery that MSA could not obtain from AVCO or other sources, and even if AVCO is in possession of all of the requested information, AVCO's intransigence to date in providing discovery makes it unclear whether or not MSA will ultimately be successful in obtaining the discovery from AVCO.

MSA believes that the most sensible approach to resolving the present dispute is for MSA to proceed to take discovery from AVCO and others in the NC Court once the NC Court rules on the outstanding discovery motions and the agreed upon stay of discovery is lifted. If MSA is

---

[1] MSA was forced to serve three subpoenas since GT rejected service of the first two.

able – as GT asserts in its motion to quash – to obtain the necessary discovery from these sources, then MSA will withdraw its subpoena to GT. If, on the other hand, the discovery provided by MSA is insufficient, then MSA will advise AVCO and GT to that effect and GT can, at that time, renew its motion to quash. MSA believes that the above-outlined approach is a sensible and efficient method for resolving the present dispute as (1) it allows the NC Court before which the present case is pending to proceed to rule on the appropriate scope of discovery in this case and (2) it will allow everyone to see whether or not GT's assertion that the necessary discovery is in fact available from other sources is in fact correct. If AVCO is correct, the need for the present subpoena will evaporate, and the present dispute will be avoided. If AVCO is not correct, then it will have a full opportunity to renew its motion to quash, although it will be necessary at that time to oppose the subpoena on substantive grounds, as the unavailability of the requested discovery from other sources will have been established.

For all of the above reasons, MSA respectfully requests that this Court stay GT's Motion to Quash as being premature. As shown above, by delaying consideration of MSA's Motion to Quash, this Court and the parties may avoid any need to invest further resources in this matter, as MSA has no intention of moving forward with the subpoena on GT if it is successful in obtaining the requested information from other sources. If MSA is not successful, there is clearly no harm to GT or AVCO in delaying consideration of GT's Motion to Quash until such time that it is clear that enforcement of the subpoena will be necessary. Thus, MSA respectfully requests that GT's Motion to Quash be held in abeyance.

MSA also objects to GT's Motion to Quash as the currently scheduled August 3, 2012 hearing thereon would not adequately allow for MSA to have the eleven (11) days provided in Local Rule 7(F)(1) for an opposition to GT's Motion.

## CONCLUSION

For all the reasons stated herein, MSA respectfully requests that the Court grant a stay of the hearing until the parties, and the NC Court where appropriate, have resolved the above-referenced issues. MSA commits to providing this Court with an appropriate notice and update regarding such issues, and grant GT the right to renew its Motion to Quash at that later date. Should this Court deny the present Motion, MSA respectfully requests that the Court reset the hearing date to provide MSA sufficient time under Local Rule 7(F)(1) to file a brief substantively responding to GT's Motion to Quash.

Respectfully submitted this 1st day of August, 2012.

By: *[signature]*
Richard T. Matthews, VSB # 71241
Myers Bigel Sibley & Sajovec, PA
4140 Parklake Avenue, Suite 600
Raleigh, North Carolina 27612
Telephone: (919) 854-1400
Facsimile: (919) 854-1401
E-mail: rmatthews@myersbigel.com
*Attorney for Plaintiff Marvel-Schebler*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MARVEL-SCHEBLER'S MOTION TO STAY THE HEARING ON GREENBERG TRAURIG'S MOTION TO QUASH AS PREMATURE** was served on all listed counsel on this 1st day of August, 2012 by sending the same via Electronic Mail to:

ERIC C. ROWE
STEVEN J. WADYKA
DAVID S. PANZER
GREENBERG TRAURIG
2101 L ST., N.W., STE. 1000
WASHINGTON, DC 20037
202-331-3197
Fax: 202-261-0197
Email: rowee@gtlaw.com
Email: wadykas@gtlaw.com
Email: panzerd@gtlaw.com
*Attorneys for Defendants and GT*

GARY L. BEAVER
NEXSEN PRUET, PLLC
POB 3463
GREENSBORO, NC 27402
336-387-5142
Fax: 336-273-5357
Email: gbeaver@nexsenpruet.com
*Attorney for Defendants*

JAMES DOUGLAS GRIMES
MEL JOSEPH GAROFALO
HEDRICK GARDNER KINCHELOE & GAROFALO LLP
POB 30397
CHARLOTTE, NC 28230
704-319-5436
Fax: 704-602-8070
Email: dgrimes@hedrickgardner.com
Email: mgarofalo@hedrickgardner.com
*Attorneys for Plaintiff Marvel-Schebler*

By:   /s/ Richard T. Matthews
Richard T. Matthews, VSB # 71241
Myers Bigel Sibley & Sajovec, PA
4140 Parklake Avenue, Suite 600
Raleigh, North Carolina 27612
Telephone: (919) 854-1400
Facsimile: (919) 854-1401
E-mail: rmatthews@myersbigel.com
*Attorney for Plaintiff Marvel-Schebler*